UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIMON F. TORRES, | Case No. 1:25-cv-01939-FJS |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT AND DENYING MOTION TO COMPEL |
| v. | |
| UNITED STATES DEPARTMENT OF TREASURY, et al., | (ECF Nos. 1, 9) |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff Felimon F. Torres ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's signed complaint, filed on December 19, 2025, is currently before the court for screening. (ECF No. 1.) Upon review, the undersigned concludes that the allegations fail to comply with Federal Rule of Civil Procedure 8 and fails to state a claim. The court grants Plaintiff leave to file an amended complaint.

I.   SCREENING REQUIREMENT AND STANDARD

The court screens complaints brought by persons proceeding pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is

frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). But "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

II.    PLAINTIFF'S ALLEGATIONS

Using a form complaint, Plaintiff brings this action against the United States Department of Treasury, Internal Revenue Service ("IRS"), Tax Payor Advocate Assistant, Lamont Keeney, Ms. Randell, Ms. Finch, and Ms. Sanchez (collectively, "Defendants"). (ECF No. 1.) Plaintiff indicates that the court has jurisdiction over this action pursuant to 28 U.S.C. § 1343(a) and 42 U.S.C. § 1983. (*Id.* at 1.) Plaintiff appears to be bringing three claims.

A. Claim I: Not Named

In the section of the form complaint designated for Claim I, Plaintiff does not list a claim, writing only "See exhibit A." (*Id.* at 3.) The court notes that there is no "Exhibit A" attached to the complaint and cannot identify one otherwise filed on the docket. Plaintiff alleges as follows, which states in full:

Filed 2020, 2021 1040 tax form(s)

Utah, ignored as to being payed (sic) total (RRC)

Funds $3200.00 Dollars.

Covid-19 economic impact stimulus rebate credit

(Documentations) records

Unites States Dept of Treasury

(*Id.*) In response to a question requiring Plaintiff to state how he was injured by the actions or inactions of Defendants, Plaintiff states: "Denyed (sic) payments $3200.00 totaling." (*Id.*) Plaintiff indicates that there are administrative remedies available at his institution, that he submitted a request for administrative relief on Claim I, and that he appealed his request for relief on Claim I to the highest level. (ECF No. 1 at 3.) In response to a question asking Plaintiff if he did not submit or appeal a request for administrative relief at any level, to briefly explain why he did not, Plaintiff writes only "(RIS), all Tax Forms (2-3)." (*Id.*)

B. Claim II: Fourteenth Amendment

In the section of the form complaint designated for Claim II, Plaintiff writes "14th amendment." (*Id.* at 4.) In response to the question asking Plaintiff to identify the issue involved, Plaintiff writes only "Monetary Funds." (*Id.*) Plaintiff leaves the rest of the page blank and includes no other allegations.

C. Claim III: Eighth Amendment

In the section of the form complaint designated for Claim III, Plaintiff writes "8th amendment." (*Id.* at 5.) In response to the question asking Plaintiff to identify the issue involved, Plaintiff writes only "Taxpayer advocate service assistance." (ECF No. 1 at 5.) Plaintiff alleges as follows, which states in full:

3

Deliberate being ignored Fear of (identity theft) (sic)

Staff at Taypayer adovcate (sic) service assistance

Lamont Keeney

Ms. Randell

Ms. Finch

Ms. M. Sanchez

Taxpayer Advocate service assistance employee(s)

(*Id.*) In response to a question requiring Plaintiff to state how he was injured by the actions or inactions of Defendants, Plaintiff states: "Not being payed (sic) stimulus Covid-19 rebate credit." (*Id.*) Plaintiff indicates that there are administrative remedies available at his institution, that he submitted a request for administrative relief on Claim III, and that he appealed his request for relief on Claim III to the highest level. (*Id.*) In response to a question asking Plaintiff—if he did not submit or appeal a request for administrative relief at any level—to briefly explain why he did not, Plaintiff writes only "all tax forms ignored." (*Id.*)

D.  Relief Requested

As relief, Plaintiff writes: "To have (RRC) Recovery rebate credit honored and be payed (sic) Total $3200.00. Punitive, (7)Fold, Attorney Fees, court cost/filing fee(s)." (ECF No. 1 at 6.)

III.  DISCUSSION

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim upon which relief may be granted. Because he is proceeding pro se, Plaintiff will be granted leave to amend his complaint to the extent that he can do so in good faith. To assist Plaintiff, the court provides the pleading and legal standards that appear relevant to his claim.

A.  Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set

4

forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*.; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic matter, the court cannot determine what Plaintiff is alleging happened, when it happened, or who was involved. The complaint contains only short phrases or figures and does not provide factual allegations concerning the circumstances that Plaintiff claims occurred. Absent this factual information, the court cannot determine whether Plaintiff states a cognizable claim.

If Plaintiff elects to amend his complaint, he must clearly state what happened, when it happened, and who was involved.

B.  42 U.S.C. § 1983

Plaintiff indicates that he is bringing a claim against the United States Department of Treasury and the IRS, both federal agencies, pursuant to Section 1983.

Pursuant to 42 U.S.C. § 1983, any person who, "under color of" state law, subjects any person "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." "To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011).

"[S]ection 1983 only provides a remedy against persons acting under color of state law." *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008). Section 1983 "'precludes liability' for a federal government actor," including federal agencies. *Locke v. United States*, No. SA CV 20-01502-DOC-(ADSx), 2021 WL 1255195, at *2 (C.D. Cal. Feb. 19, 2021) (citing *Ibrahim*, 538 F.3d at 1257); *see also Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) ("We find no evidence in either statute that Congress intended to subject federal agencies to § 1983 and § 1985 liability. To the contrary, §§ 1983 and 1985 impose liability upon a

5

'person,' and a federal agency is not a 'person' within the meaning of these provisions.").

Accordingly, Plaintiff does not state a claim against the Department of Treasury or the IRS under section 1983. *See Torfason v. Dep't of Treasury, Internal Revenue Serv.*, No. 3:22-CV-00680-JO-AHG, 2022 WL 16824507, at *2 (S.D. Cal. Nov. 8, 2022) (dismissing section 1983 claims against the Department of Treasury and IRS on the grounds that section 1983 claims cannot proceed against federal agencies).

C.  No *Bivens* Action against a Federal Agency

Even if the court liberally construed Plaintiff's allegations as civil rights claims against federal actors under *Bivens*, his claims against these federal agencies would still fail.

Plaintiffs can bring constitutional violations claims against federal actors under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* claims are the "federal analogue" to section 1983 claims against state actors. *Hartman v. Moore*, 547 U.S. 250, 254, 255 n.2 (2006). But a *Bivens* claim is not available against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Torfason*, 2022 WL 16824507, at *2  ("[*Bivens*] claims cannot stand against the United States, or any of its departments, offices, or agencies."). Rather, *Bivens* permits a plaintiff to sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. *See Bivens*, 403 U.S. at 397. There is no respondeat superior liability under *Bivens*. *Iqbal*, 556 U.S. at 676–77 ("In a § 1983 suit or a *Bivens* action . . . the term "supervisory liability" is a misnomer.")  A government official is only liable for his or her own misconduct. *Id*.; *Starr v. Baca*, 652 F.3d 1202, 1205–08 (9th Cir. 2011), *cert. denied*, 566 U.S. 982 (2012); *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010).

Accordingly, Plaintiff does not state a plausible claim for relief under *Bivens*.

D.  Linkage Requirement

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation Plaintiff allegedly suffered.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or

6

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's complaint fails to sufficiently link a defendant to each alleged violation of his rights. In any amended complaint, Plaintiff must link each individual Defendant to a specific act or omission that violated Plaintiff's rights.

### E.   Fourteenth Amendment

Plaintiff appears to allege a violation of his Fourteenth Amendment rights. (ECF No. 1 at 4.) The court finds that Plaintiff has not stated a cognizable Fourteenth Amendment claim. Plaintiff includes only two words to describe his Fourteenth Amendment claim, and the court cannot determine how or against whom Plaintiff is asserting this cause of action. Plaintiff does not suggest a theory under which his Fourteenth Amendment rights were violated and does not allege facts under either the due process or equal protection clause. As mentioned, to assist Plaintiff, the court provides the pleading and legal standards that appear relevant to his claims.

#### 1.   *Due Process*

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The due process clause of the Fourteenth Amendment confers both substantive and procedural protections. *Albright v. Oliver*, 510 U.S. 266, 272 (1994).

The substantive protections of the due process clause bar certain governmental actions regardless of the fairness of the procedures that are used to implement them. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998). Therefore, the substantive protections of the due process clause are intended to prevent government officials from abusing their power or employing it as an instrument of oppression. *Lewis*, 523 U.S. at 846. The Supreme Court has held that "the substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" *Id*. at 847. "[O]nly the most egregious official conduct can be said to be arbitrary in a constitutional sense." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006) (quoting Lewis, 523 U.S. at 846).

"Substantive due process is ordinarily reserved for those rights that are 'fundamental.'" *Brittain*, 451 F.3d at 990. "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity," and the Supreme Court has been reluctant to expand the concept of substantive due process. *Albright*, 510 U.S. at 271-72. To state a substantive due process claim, a plaintiff must "show both a deprivation of [his] liberty and conscience shocking behavior by the government." *Brittain*, 451 F.3d at 991.

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569–70 (1972). "[P]rocedural due process claims are resolved by balancing tests, where differing interests can give rise to many differing procedural requirements." *Brittain*, 451 F.3d at 1000. "(D)ue process is flexible and calls for such procedural protections as the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)).

Plaintiff's limited facts are insufficient to state a claim. There are no facts alleged by which it could reasonably be inferred that Plaintiff has not received the process due from Defendants as it relates to his allegations in this action.

### 2. *Equal Protection*

A plaintiff can state a claim for violation of the Equal Protection Clause, by showing "that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). Intentional in this context means that the defendant acted, at least in part, because of the plaintiff's membership in a protected class. *Serrano*, 345 F.3d at 1082. Alternately, the plaintiff can state a claim by alleging that he was intentionally treated differently than similarly situated individuals and there was no rational basis for the difference in treatment. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (2005); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff's complaint does not include any factual allegations indicating that Plaintiff is a member of a protected class or that any named defendant acted with the intent or purpose to

8

discriminate against him due to his membership in that class. Nor are there any allegations that Plaintiff was intentionally treated differently than other similarly situated individuals.

Accordingly, Plaintiff does not state a claim under the Fourteenth Amendment.

### F. Eighth Amendment

Plaintiff alleges that Defendants Taxpayer Advocate Assistant, Lamont Keeney, Ms. Randell, Ms. Finch, and Ms. Sanchez violated his rights under the Eighth Amendment by "[d]eliberate being ignored fear of (identity thieft) (sic)" and "[n]ot being payed stimulus Covid-19 rebate credit." (ECF No. 1 at 5.)

The Eighth Amendment prohibits excessive bail, fines or cruel and unusual punishment. U.S. Const. amend. VII. These protections were designed to protect those convicted of crimes. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) (The Eighth Amendment applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."). Plaintiff's complaint includes no factual allegations indicating that he is entitled to Eighth Amendment protections, as he appears to be challenging a failure to receive a 2020 and 2021 tax refund and a COVID-19 tax benefit.

Accordingly, Plaintiff does not state a claim under the Eighth Amendment.

### G. The CARES Act

As indicated, Plaintiff's complaint relates to his assertions that he has been denied a "Covid-19 economic impact stimulus rebate credit," which the court construes as stimulus payments under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). (ECF No. 1 at 3.)

The CARES Act, codified in part at Section 6428 of the Internal Revenue Code, 26 U.S.C. § 6428, established a mechanism for the IRS to issue economic impact payments ("EIP") to eligible individuals. *Scholl v. Mnuchin (Scholl I)*, 489 F.Supp.3d 1008, 1020 (N.D. Cal. 2020), *appeal dismissed*, No. 20-16915, 2020 WL 9073361 (9th Cir. Nov. 20, 2020). Under § 6248(a), eligible individuals may receive a tax credit in the amount of $1,200 ($2,400 if filing a joint return), plus $500 multiplied by the number of qualifying children. *Scholl I*, 489 F.Supp.3d at 1020 (citing 26 U.S.C. § 6428(a).) This amount is credited against the individual's federal

income tax for the year 2020. *Id*. For purposes of the CARES Act, an eligible individual is defined as "any individual" other than (1) a nonresident alien individual, (2) an individual who is allowed as a dependent deduction on another taxpayer's return, or (3) an estate or trust. *Id.* at 1021 (citing 26 U.S.C. § 6428(d)); *Conde v. Dep't of the Treasury & Internal Revenue Serv.*, No. 1:21-cv-01072-DAD-SKO, 2021 WL 6000057, at *1 (E.D. Cal. Dec. 20, 2021).

The CARES Act provided that "each individual who was an eligible individual for such individual's first taxable year beginning in 2019 shall be treated as having made a payment against the tax imposed by chapter 1 for such taxable year in an amount equal to the advance refund amount for such taxable year." *Scholl I*, 489 F.Supp.3d at 1021 (quoting 28 U.S.C. § 6428(f)(1)). Therefore, the Act provides that "if an eligible individual filed a tax return in 2018 or 2019 or filed one of the enumerated Social Security forms, then the Act directs the IRS to treat those taxpayers as eligible for an advance refund of the tax credit." *Scholl I*, 489 F.Supp.3d at 1021.  Congress provided that "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2020."  26 U.S.C. § 6428(f)(3)(A).

### 1.  *The Scholl Class*

In *Scholl I*, the district court provisionally certified the following class:

All United States citizens and legal permanent residents who:

(a)     are or were incarcerated (i.e., confined in a jail, prison, or other penal institution or correctional facility pursuant to their conviction of a criminal offense) in the United States, or have been held to have violated a condition of parole or probation imposed under federal or state law, at any time from March 27, 2020, to the present;

(b)     filed a tax return in 2018 or 2019, or were exempt from a filing obligation because they earned an income below $12,000 (or $24,400 if filing jointly) in the respective tax year;

(c)     were not claimed as a dependent on another person's tax return; and

(d)     filed their taxes with a valid Social Security Number, and, if they claimed qualifying children or filed jointly with another person, those individuals also held a valid Social Security Number.

*Scholl I,* 489 F. Supp. 3d at 1047.  In *Scholl v. Mnuchin (Scholl II)*, 494 F.Supp.3d 661 (N.D. Cal. 2020), the district court granted final certification of this class and entered declaratory relief,

stating as follows:

> [T]he court finds and declares that title 26 U.S.C. § 6428 does not authorize defendants to withhold advance refunds or credits from class members solely because they are or were incarcerated. The court further finds and declares that defendants' policy that persons who are or were incarcerated at any time in 2020 were ineligible for advance refunds under the Act is both arbitrary and capricious and not in accordance with law.

*Scholl II*, 494 F.Supp.3d at 692. The court entered a permanent injunction and directed defendants to reconsider EIPs that were denied on the sole basis of an individual's incarcerated status. *Id.* at 692-93. As to specific payments, the court clarified:

> The court takes no position on whether plaintiffs or class members are in fact owed advance refund payments or the amount of those payments. . . . The court's determination in this order is that the IRS's action was "arbitrary, capricious, ... or otherwise not in accordance with law" and the appropriate remedy is to "hold unlawful and set aside" that agency action. 5 U.S.C. § 706(2). It is incumbent on the IRS, as the agency charged by Congress, to make individual determinations whether an individual is an "eligible individual" and meets the various criteria delineated in the Act.

*Scholl II*, 494 F. Supp. 3d at 691.

### 2. *Tax Refund Claim - 28 U.S.C. § 1346*

Under 28 U.S.C. § 1346(a)(1), a district court has jurisdiction over civil actions "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." A taxpayer's right to bring a refund suit, however, is limited by 26 U.S.C. § 7422(a). *See Dutch v. Internal Revenue Dep't of Treasury*, No. SACV 12-02098-CJC, 2013 WL 7162138, at *2 (C.D. Cal. Dec. 20, 2013). Section 7422(a) provides:

> (a) No suit prior to filing claim for refund.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

A refund claim is a prerequisite to jurisdiction; a United States District Court does not have jurisdiction over a tax refund suit unless the taxpayer has not only paid all assessments in

11

full but also has filed a claim for a refund with the IRS. *Thomas v. United States*, 755 F.2d 728, 729 (9th Cir.1985); *Yuen v. United States*, 825 F.2d 244, 245 (9th Cir.1987).

### 3.  *Analysis*

Plaintiff is incarcerated and states that he was "[d]enyed (sic) payments $3,200.00 totaling" relating to his 2020 and 2021 tax returns and "Covid-19 economic impact stimulus rebate credit." (ECF No. 1 at 3.) As relief, he seeks "to have (RRC) Recovery rebate credit honored and be payed (sic) total $3200.00." (ECF No. 1 at 6.) To the extent Plaintiff is claiming that the Department of Treasury or IRS withheld his payments solely due to his incarcerated status, "he is already part of the *Scholl* class; therefore, he is not entitled to separate individual relief." *Conde v. Dep't of the Treasury & Internal Revenue Serv.*, No. 1:21-cv-01072-DAD-SKO, 2021 WL 6000057, at *1 (E.D. Cal. Dec. 20, 2021) (citations and quotation omitted).

Further, the CARES Act specified that no refund or credit would be made or allowed after December 31, 2020.  26 U.S.C. § 6428(f)(3)(A); *Torfason*, 2022 WL 16824507, at *2 n.1.  That deadline passed before Plaintiff initiated the instant action in December 2025. "Any tax rebate Plaintiff might be eligible for must be applied for through his tax return, as it is the responsibility of the IRS, not the Court, to make determinations on rebate or credit eligibility." *Conde,* 2021 WL 6000057, at *3 (citing 28 U.S.C. § 6428(f)(3)(B) and *Scholl I*, 489 F.Supp.3d at 1021 n.1.).

What's more, even if Plaintiff's return was timely filed under the Cares Act, Plaintiff has not demonstrated proper compliance with the administrative filing requirements. *See Lovo v. Internal Revenue Serv.*, No. 1:22-CV-00220-AWI-SAB, 2022 WL 1425489, at *6 (E.D. Cal. May 5, 2022) (citing *Edmisten v. Internal Revenue Serv.,* No. 3:21-CV-00232-MMD-WGC, 2021 WL 5177460, at *4 (D. Nev. Aug. 19, 2021)). To bring a tax refund suit, Plaintiff is required to file an administrative claim with the IRS. *Conde*, 2021 WL 6000057, at *4; 26 U.S.C. § 7422(a); *Lovo*, 2022 WL 1425489, at *7 ("Simply put, before filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax refund scheme established in the Code by filing an administrative claim with the IRS . . . Therefore, unless the taxpayer has 'duly filed' a claim with the IRS for a refund of Federal taxes, the district court is without jurisdiction over the claim for a refund.")

Although Plaintiff alleges that he submitted a request for administrative relief on Claims I and III, and that he appealed his request for relief on Claims I and III to the highest level, he also seems to indicate that he did not submit or appeal the requests for administrative relief by indicating "(RIS), all tax forms (2-3)"[1] and "all tax forms ignored." (ECF No. 1 at 3, 5.) "Plaintiff does not provide any information concerning when, or the form of requests he is alleged to have sent to the IRS regarding his claims, and thus has not demonstrated compliance with the administrative claim requirements for his alleged claim." *Lovo*, 2022 WL 1425489, at *8.

Given this ambiguous response and lack of other supporting factual allegations, such as the dates that Plaintiff submitted requests for administrative relief or any description of resulting administrative actions, Plaintiff has failed to adequately allege that he filed an administrative claim before bringing this action.

IV.    MOTION TO COMPEL

On March 27, 2026, Plaintiff filed a motion to compel. (ECF No. 9.) Plaintiff writes that he "is in (need to find out) the form of process service the court has choose to use via service (process server)?" (ECF No. 9 at 1.)

Because Plaintiff is proceeding in forma pauperis, he is entitled to a mechanism for service without cost to him. 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] cases."); Fed. R. Civ. P. 4(c)(3) ("The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

As mentioned above, the court screens complaints brought by persons proceeding pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). The court has determined that Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim. As Plaintiff is proceeding pro se, the court will grant Plaintiff an opportunity to amend his complaint to cure these deficiencies. As a result, no summons will issue at this time. The court will direct the United States Marshal to serve Plaintiff's complaint only after the court has

---

[1] The court is unable to determine what Plaintiff means by "(RIS), all tax forms (2-3)." (ECF No. 1 at 3.)

13

screened the complaint and determined that it contains cognizable claims for relief against the named defendants. Discovery will not commence until some time after service of the summons. Fed. R. Civ. P. 26.

Accordingly, Plaintiff's motion to compel (ECF No. 9) is DENIED.

V.    CONCLUSION AND ORDER

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim. As Plaintiff is proceeding pro se, the court will grant Plaintiff an opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." L.R. 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the court in this order or file a notice of voluntary dismissal;

3. If Plaintiff fails to file an amended complaint in compliance with this order, the court will recommend dismissal of this action, with prejudice, for failure to obey a court order, for failure to prosecute, and for failure to state a claim; and

14

4. Plaintiff's motion to compel (ECF No. 9) is DENIED.

IT IS SO ORDERED.

Dated:   **May 5, 2026**

_____
UNITED STATES MAGISTRATE JUDGE